IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD TANG,<br><br>        Plaintiff,<br><br>  vs.<br><br>NORTHROP GRUMMAN CORPORATION,<br><br><br>        Defendant. | Case No. 8:20-cv-1978<br><br>[Circuit Court for Prince George's County, Maryland Case No. CAL20-09361] |

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(a)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Northrop Grumman Systems Corporation[1] ("Defendant"), by and through its attorneys, files this notice removing Circuit Court for Prince George's County, Maryland Case No. CAL20-09361 from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland, with full reservation of any and all defenses and objections.  In support of this Notice of Removal, Defendant respectfully submits as follows:

1.  On or about March 3, 2020, Plaintiff Donald Tang ("Plaintiff") filed an action against Defendant in the Circuit Court for Prince George's County, Maryland Case No. CAL20-09361 (the "Complaint").  A copy of the Complaint, along with all documents served on

---

[1] Plaintiff has sued Northrop Grumman Corporation for claims related to his employment, but Plaintiff was employed by Northrop Grumman Systems Corporation, not Northrop Grumman Corporation.  *See* Exhibit A, Declaration of Jennifer C. McGarey ("McGarey Decl.") at ¶ 6.  As such, the correct defendant entity would be Northrop Grumman Systems Corporation.  For purposes of removal based on diversity jurisdiction, we address the citizenship of both Northrop Grumman Corporation and Northrop Grumman Systems Corporation below.

Defendant in relation to the Circuit Court case, is attached hereto as Exhibit B.  Defendant is not aware of any process, pleadings, or orders besides that which have been attached hereto as Exhibit B.

2. Defendant received a copy of the Complaint on June 9, 2020 via delivery to its Registered Agent in Maryland.  Exhibit A (McGarey Decl.) at ¶ 2.  Defendant has not yet answered or otherwise responded to the Complaint.

3. Removal is timely, as this Notice of Removal is being filed within 30 days of service of the Complaint on Defendant.  28 U.S.C. § 1446(b).

4. As shown below, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and the Defendant are of completely diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Moreover, Defendant is not a resident of the State of Maryland and, thus, not subject to the restrictions of 28 U.S.C. § 1441(b)(2).

5. The removed action was pending in the Circuit Court for Prince George's County, Maryland.  The Circuit Court is within the jurisdiction served by the United States District Court for the District of Maryland, and thus this is the proper court to which this action should be removed.

## FEDERAL JURISDICTION

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Court Administrator for this Court and with the Circuit Court for Prince George's County, Maryland.

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. An action may be removed to federal court under Section 1332 where there is complete diversity

of citizenship between the parties, and where the requisite amount in controversy exists.  *See* 28 U.S.C. § 1332(a); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967).

8. According to the Complaint, Plaintiff is a resident of Maryland.  Complaint at ¶ 1.

9. Plaintiff does not allege any facts in the Complaint regarding the residency of Defendant.  However, Northrop Grumman Corporation is incorporated in Delaware and has its principal place of business at 2980 Fairview Park Drive, Falls Church, Virginia  22042.  Ex. A, McGarey Decl. at ¶ 5.  Northrop Grumman Systems Corporation is likewise incorporated in Delaware and has its principal place of business at 2980 Fairview Park Drive, Falls Church, Virginia 22042.  *Id.* at ¶ 4.

10. Thus, complete diversity of citizenship exists as between the parties.  See 28 U.S.C. § 1332(a)(1) (complete diversity exists where the controversy is between citizens of different states); 28 U.S.C. § 1332(c)(1) (a corporation is a citizen in each state where it has been incorporated and the state  in which it has its principal place of business).

11. Moreover, the amount in controversy exceeds $75,000.  Plaintiff has alleged that he is seeking "judgment that exceeds $75,000," including backpay based on Plaintiff's "salary of "$118,744."  Complaint at ¶ 18.  Plaintiff also requests unspecified bonuses, benefits, compensatory and punitive damages, interest, attorneys' fees, and costs.  Id.  On Plaintiff's Civil Information Sheet, he claimed his monetary damages are "Over $100,000" and include wage loss of "$200k+ to date."  See Ex. B-3 at 2.  Solely for the purpose of determining the amount in controversy, Defendant assumes that Plaintiff's allegations are true.  Thus, well over $75,000 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

\* \* \* \* \* \*

WHEREFORE, Defendant respectfully requests that this action be removed from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland.

Dated:  July 6, 2020                                  Respectfully submitted,

                                                      ____/s/_____
                                                      Trina Fairley Barlow
                                                      Christine B. Hawes
                                                      CROWELL & MORING, LLP
                                                      1001 Pennsylvania Avenue, N.W.
                                                      Washington, DC  20004
                                                      (202) 624-2500 (office)
                                                      (202) 628-5116 (fax)

                                                      ATTORNEYS FOR DEFENDANT NORTHROP
                                                      GRUMMAN CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that under penalty of perjury on this 6th day of July 2020, the foregoing Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(a) was served on Plaintiff's counsel via first class United States mail and email at the below address:

>Curtis B. Cooper, Esq.
>1340 Smith Avenue, Suite 200
>Baltimore, MD 21209
>curtis@curtiscooperlaw.com

>*/s/ Christine B. Hawes*
>Christine B. Hawes