DONALD TANG,                          *
    2962 Galloway Place
    Abingdon, MD 21009           *

        Plaintiff                   * IN THE CIRCUIT COURT

v.                               * FOR PRINCE GEORGE'S

NORTRHOP GRUMMAN CORPORATION,    * COUNTY
    s/o The Corporation Trust, Inc.
    2405 York Road               * CASE NO. CAL 20-09361
    Suite 201
    Lutherville, MD 21093-2264     *

        Defendant             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT WITH JURY TRIAL DEMAND

[Age Discrimination in violation of Maryland Code, State Government § 20-606(a)(1)

and the Prince George's County Code § 2-222]

**I. Parties**

1. Plaintiff Donald Tang ("Mr. Tang" or "Plaintiff") began working for Defendant Northrop Grumman Corporation ("Northrop Grumman" or "Defendant") in the year 2000.

2. Beginning in December of 2014 and through the time he was unlawfully fired in April of 2018, Mr. Tang worked for Northrop Grumman as a Software Quality Engineer at a location in Prince George's County.

3. Mr. Tang was born in 1957, and at the time of his unlawful firing by Northrop Grumman he was 60 years old.

4. Northrop Grumman is an "employer" within the meaning of Maryland Code, State Government § 20-601(d)(1) and Prince George's County Code § 2-186(a)(5), as it has had more than 15 or more employees for each working day for the past two years.

## II. Exhaustion of Administrative Remedies

5. On June 20, 2018, within six months of his firing on April 12, 2018, Mr. Tang filed a verified charge of discrimination based on age against Northrop Grumman with the Maryland Commission on Civil Rights, pursuant to Maryland Code, State Government § 20-1004. (See Exhibit 1, Charge of Discrimination).

6. In accordance with Maryland Code, State Government § 20-1013(a), at least 180 days have elapsed since Mr. Tang filed his timely administrative charge of age discrimination, and this civil action is filed within 2 years after his unlawful firing by Northrop Grumman.

7. Under Prince George's County Code § 2-200, no further administrative exhaustion is required.

## III. Jurisdiction and Venue

8. Jurisdiction and venue are proper in this Court under Maryland Code, State Government § 20-1013(b) and Prince George's County Code § 2-200, as Mr. Tang's unlawful firing by Northrop Grumman took place in Prince George's County.

## IV. Facts

9. From December of 2014 through the time of his termination, Mr. Tang worked in a group of more than twenty Northrop Grumman Software Quality Engineers.

10. At the time of his termination on April 12, 2018, Mr. Tang was 60 years old and the oldest employee in his group.

11. The group was involved in programming and technical support for Northrop Grumman in its reporting to the Internal Revenue Service.

12. In his annual performance reviews for the years 2016 and 2017, Mr. Tang's manager rated him as a "successful performer."

13. Despite his successful performance on the job, which compared favorably to other Software Quality Engineers in his group, Mr. Tang was terminated from Northrop Grumman effective April 12, 2018.

14. At the same time Mr. Tang was terminated from employment at Northrop Grumman, another Software Quality Engineer from his group was also terminated.

15. An analysis conducted by Northrop Grumman showed that the other employee selected for involuntary termination was 52 years old, while the four remaining employees in the same "decisional unit" who were not selected for involuntary termination ranged in age from 35 to 43 years old.

16. Northrop Grumman terminated Mr. Tang based on his age and being the oldest employee in his group.

**V.    Prayer for Relief**

17. Under Maryland Code, State Government § 20-606(a)(1)(i) and Prince George's County Code § 2-222, an employer may not discharge an individual because of the individual's age.

18. Based on Northrop Grumman's discriminatory firing of Mr. Tang based on his age and pursuant to State Government § 20-606(a)(1) §§ 20-1009(b), 20-1013(d), and 20-1013(e) and Prince George's County Code §§ 2-195.01, 2-200, and 2-222, Mr. Tang prays that the Court award him the following relief, including a money judgment that exceeds $75,000:

  a. Reinstatement with back pay based on Mr. Tang's annual salary of $118,744, plus any bonuses, benefits, and interest;

  b. Compensatory damages and punitive damages;

  c. Pre- and post-judgment interest;

  d. Reasonable attorneys' fees, expenses, and costs; and

  e. Such other relief as the Court shall deem just and proper.

## VI. Demand for Jury Trial

19. Mr. Tang hereby demands a jury trial.

*[signature: Curtis B. Cooper]*

Curtis B. Cooper, Esq.
CPF # 0306180056
401 Washington Avenue, Ste. 200
Towson, MD 21204
(410) 825-4030; (410) 510-1831 [fax]
curtis@curtiscooperlaw.com
*Attorney for Plaintiff, Donald Tang*